UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DESTIN LEE,            :
         Petitioner,   :  **MEMORANDUM OPINION**
                       :  **AND ORDER**
v.                     :
                       :  18 CV 1675 (VB)
UNITED STATES OF AMERICA,   :  14 CR 94 (VB)
         Respondent.   :
------------------------------------------------------------x

Briccetti, J.:

Petitioner Destin Lee, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing he was convicted of theft of government property based on an indictment that failed to specify the value of the goods he was alleged to have stolen, such that the conviction was obtained in violation of the Grand Jury Clause of the Fifth Amendment.

For the reasons set forth below, the motion is DENIED and the petition is DISMISSED.

## BACKGROUND

The papers in support of and in opposition to the motion, and the record of the underlying criminal proceedings, reflect the following:

On October 2, 2014, petitioner was convicted after a jury trial of theft of government property, in violation of 18 U.S.C. § 641. The indictment on which he was tried alleged he participated in a scheme to steal and did steal pallets belonging to the United States Postal Service, but did not specify the value of the stolen pallets. At trial, the proof established that petitioner and others stole over $400,000 worth of plastic pallets from a Postal Service facility in White Plains. On January 16, 2015, the Court sentenced petitioner to 30 months' imprisonment, as well as two years' supervised release and restitution and forfeiture in the amount of $400,000.

1

Petitioner appealed his conviction to the United States Court of Appeals for the Second Circuit. His principal argument was that because a violation of Section 641 is a felony only if the value of the property stolen exceeds $1,000, and because the indictment did not specify the value of the property, the indictment was ineffective to charge him with a felony. On August 8, 2016, the Second Circuit affirmed the conviction, holding that although it was error not to specify that the value of the property stolen exceeded $1,000, the error was harmless beyond a reasonable doubt, since (i) petitioner was aware, well before trial, that the government intended to prosecute the case as a felony, and (ii) the proof that several hundred thousand dollars' worth of pallets had been stolen was overwhelming. United States v. Lee, 833 F.3d 56, 71-73 (2d Cir. 2016).

After the Supreme Court denied his petition for a writ of certiorari, petitioner timely filed the instant Section 2255 motion, making the same argument he made on direct appeal – that because the indictment did not specify the value of the property stolen, the conviction was obtained in violation of the Grand Jury Clause of the Fifth Amendment.

## DISCUSSION

Petitioner's 2255 motion must be denied for the simple reason that "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992).

Moreover, even if the Court were to consider petitioner's argument, it would be rejected as meritless. A claimed violation of the Grand Jury Clause is subject to harmless error analysis, United States v. Lee, 833 F.3d at 69-70, and under the circumstances here, the error was plainly harmless. Petitioner obviously believes the Second Circuit was wrong to uphold his conviction.

See Supplement to 2255 Motion, at 19-21 (Doc. #85-1 in Docket No. 14 CR 94).  But that is not a quarrel he is entitled to raise at this time in this Court.

## CONCLUSION

Petitioner Destin Lee's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close Case No. 18 CV 1675.

The Clerk is further instructed to mail a copy of this memorandum opinion and order to plaintiff at his address on the docket for Case No. 18 CV 1675.

Dated:  October 2, 2018
　　　　White Plains, NY

　　　　　　　　　　　　　　　　　SO ORDERED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Vincent L. Briccetti
　　　　　　　　　　　　　　　　　United States District Judge